UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Christopher R. Marchese-Santos,<br><br>Plaintiff,<br><br>v.<br><br>Central Office of Vermont, et al.<br><br>Defendants. | Civil Action No. 2:26-cv-247 |

**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED *IN FORMA PAUPERIS*, MOTION TO APPEAL AND INVESTIGATE, MOTION TO AMEND, MOTION TO SUBPOENA, AND MOTION FOR SUMMARY JUDGMENT**
(Docs. 1, 3–5)

Plaintiff Christopher R. Marchese-Santos, a Vermont prisoner representing himself, seeks to bring an action under 42 U.S.C. § 1983 and the Americans with Disabilities Act against the Vermont Department of Corrections and several individuals, alleging the violation of his constitutional rights and denial of disability accommodations.[1] Plaintiff also appears to challenge his criminal conviction. Plaintiff has filed an application to proceed *in forma pauperis* (IFP), or without paying fees or costs, under 28 U.S.C. § 1915. (Doc. 1.)

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action without prepayment of fees must include in his IFP application "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

[1] Plaintiff may be attempting to bring this action on behalf of unspecified family members. (Doc. 1-2 at 1.) The Court advises Plaintiff that a non-attorney representing himself may not bring an action on behalf of another. *See In re Texaco Inc. Shareholder Derivative Litigation*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) ("It is well-established . . . that [the] right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another.").

period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP because the attached trust fund account statement shows only transactions for "the last 90 days" (Doc. 1-1 at 4), which is less than the six-month period required. It is also not clear whether these ninety days immediately precede the filing of Plaintiff's Complaint. Accordingly, Plaintiff's application for leave to proceed IFP (Doc. 1) is denied without prejudice.

## CONCLUSION

For the reasons discussed above, Plaintiff's application to proceed IFP (Doc. 1) is DENIED WITHOUT PREJUDICE.

Because the Court denies without prejudice Plaintiff's IFP application, Plaintiff's Motion to Appeal and Investigate (Doc. 1-2 at 14), Motion to Amend (Doc. 3), Motion to Subpoena (Doc. 4), and Motion for Summary Judgment (Doc. 5) are also DENIED WITHOUT PREJUDICE.

Plaintiff may pay the filing fee of $405.00 or refile his application with an affidavit demonstrating his inability to pay the filing fee. Should Plaintiff fail to pay the filing fee or to refile a complete IFP application within 30 days of this order, the undersigned will recommend that this case be dismissed without prejudice.

Dated at Burlington, in the District of Vermont, this 25th day of November 2026.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge